JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director Civil Division
JASON M. KENNER
Senior Trial Counsel
Bar No. 4315180
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Telephone: (212) 264-9230 or 9236
Facsimile: (212) 264-1916
E-mail: Jason.kenner@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| United States,<br><br>        Petitioner,<br><br>        v.<br><br>BEN GHEE TAN,<br><br>        Respondent. | No. 20-cv-2165<br><br>Petition to Enforce U.S. Customs and Border Protection Summons |

**PETITION TO ENFORCE SUMMONS**

Pursuant to section 1510(a) of Title 19, the United States respectfully petitions this Court for an order enforcing the Department of Homeland Security, U.S. Customs and Border Protection (USCBP) administrative summons served on the respondent, BEN GHEE TAN.

In support, the United States avers as follows:

1. Jurisdiction over this matter is conferred upon this Court by 26 U.S.C. §§ 7402 (b), 19 U.S.C. § 1510(a), and 28 U.S.C. §§ 1340 and 1345.

1

2. The summoned person resides or may be found within the boundaries of this district.

3. Dina M. Amato is the Center Director of the USCBP Center for Excellence and Expertise, Agriculture and Prepared Products (APP).  In her capacity as APP Center Director, Director Amato is authorized to issue USCBP summonses pursuant to 19 U.S.C. § 1509, 19 CFR § 163.7(a), and CBP Directive No. 4210-012A (Sep. 27, 2018).

4. Sally R. Cifuentes is a U.S. Customs and Border Protection Officer (CBPO) of USCBP, employed at the Los Angeles/Long Beach Port of Entry (LA/LB Seaport) in Long Beach, California.  CBPO Cifuentes is authorized to serve the summons under 19 CFR § 163.7(c).

5. USCBP is conducting an inquiry for the purpose of ascertaining the correctness of entries, determining the liability for duties, taxes, fines, and penalties, and ensuring compliance with the laws or regulations enforced by USCBP related to entries made by companies owned or operated by BEN GHEE TAN.

6. Pursuant to the above-described inquiry, on September 16, 2020, APP Center Director Amato issued a USCBP Administrative Summons pursuant to 19 U.S.C. § 1509 to BEN GHEE TAN, directing BEN GHEE TAN to appear before Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) Special Agent James

Wuneburger at 1:00 p.m. on September 23, 2020, at 301 East Ocean Boulevard, 7th Floor, in Long Beach, California. The summons stated, "[y]our testimony . . . is required in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes fines, penalties, or forfeitures, and/or to ensure compliance with the laws or regulations administered by [USCBP] and ICE." See Ex. A.

7. The summons required that BEN GHEE TAN only provide testimony, and did not require BEN GHEE TAN to produce any records.

8. On September 18, 2020, at 10:08 a.m., CBPO Cifuentes personally served the aforementioned summons by hand to BEN GHEE TAN. BEN GHEE TAN signed the summons acknowledging his receipt of the summons. See Ex. A.

9. BEN GHEE TAN failed to appear for his testimony on September 23, 2020, at the time and location as the summons instructed.

10. On October 6, 2020, USCBP sent a letter to BEN GHEE TAN advising him that he had failed to comply with the summons. In the same letter, USCBP offered BEN GHEE TAN alternative dates to appear to provide testimony during the week of October 13, 2020. See Ex. B.

11. On October 8, 2020, BEN GHEE TAN responded to the letter through counsel, and claimed that the summons was "defective and unenforceable."

See Ex. C.  Notwithstanding that he had only been asked to provide testimony, and not records, BEN GHEE TAN claimed that he did not have "reasonable notice," and indicated that he would not appear to provide his testimony.

12. To date, BEN GHEE TAN has failed to comply with the lawful summons, and has failed to comply with the law as set forth in section 1509 of Title 19, United States Code.

13. The substance of the testimony requested in the summons is not already in the custody of USCBP.

14. All administrative steps required by the United States Code and USCBP for the issuance of the summons have been followed.

15. The testimony sought by the summons is relevant to USCBP's inquiry.

16. No Justice Department referral is in effect within the meaning of 26 U.S.C. § 7602(d)(2) relating to BEN GHEE TAN for the years under inquiry.

17. In order to obtain enforcement of an administrative summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within USCBP's possession; and (4) satisfies all administrative steps required by the United States Code.  See United States v. Powell, 379 U.S. 48, 57-58 (1964).

18. The attached Declaration of Director Amato establishes the government's

prima facie showing under Powell.

WHEREFORE, the United States respectfully prays as follows:

A. That this Court enter an order directing the respondent BEN GHEE TAN to show cause in writing, if any, why he/she/it should not comply with and obey the aforementioned USCBP summons and every requirement thereof;

B. That this Court enter an order directing the respondent BEN GHEE TAN to fully obey the subject summons and each requirement thereof, by ordering the attendance, testimony, and production required and called for by the terms of the summons, before HSI Special Agent Wuneburger, or any other proper officer or employee of USCBP, at such time and place as may be set by USCBP.

C. That the United States recover its costs incurred in maintaining this proceeding; and

D. That the Court grant such other and further relief as the Court deems proper or justice may require.

Dated:  November 10, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director Civil Division
Commercial Litigation Branch


*Jason M. Kenner*
JASON M. KENNER
Senior Trial Counsel

Attorneys for United States

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director Civil Division
JASON M. KENNER
Senior Trial Counsel
Bar No. 4315180
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Telephone: (212) 264-9236
Facsimile: (212) 264-1916
E-mail: Jason.kenner@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| United States, | No. CV 20-2165 |
| Petitioner, | |
| v. | Petition to Enforce U.S. Customs and Border Protection Summons |
| BEN GHEE TAN, | Memorandum of Points and Authorities |
| Respondent. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Title 19, United States Code, section 1509 grants authority to United States Customs and Border Protection (USCBP) to take the testimony of any person for the purpose of ascertaining the correctness of any entry; to

1

determine any person's liability for duty, fees or taxes; or for insuring compliance with United States Customs laws as follows:

> In any investigation or inquiry conducted for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service, the Secretary (but no delegate of the Secretary below the rank of district director or special agent in charge) may—
>
> ***
>
> (2) summon, upon reasonable notice—
> (A) the person who— (i) imported, or knowingly caused to be imported, merchandise into the customs territory of the United States, . . .,
> (B) any officer, employee, or agent of any person described in subparagraph (A); [or]
> (D) any other person he may deem proper;
>
> to appear before the appropriate customs officer at the time and place within the customs territory of the United States specified in the summons…, and to give such testimony, under oath, as may be relevant to such investigation or inquiry; and
>
> ***
>
> **(3)** take, or cause to be taken, such testimony of the person concerned, under oath, as may be relevant to such investigation or inquiry.

The statute, 19 U.S.C. § 1510, further grants authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with summons issued pursuant to section 1509.

2

## II. FACTS

Ben Ghee Tan, respondent, owned, controlled or otherwise operated companies that imported or caused the importation of merchandise into the United States.  Exhibit 1 (Petition of Dina Amato, Center Director of the USCBP Center for Excellence and Expertise, Agriculture and Prepared Products (APP Center)) ¶ 4.  The APP Center is conducting an inquiry into the companies' practices of importing merchandise into the United States. *Id*.  On September 16, 2020, in furtherance of the inquiry, Ms. Amato, an individual who is duly authorized to issues summons, issued a USCBP summons to Respondent.  *Id*. ¶ 5.  The summons was personally served on Respondent on September 18, 2020 at 10:08 a.m.  Id. ¶ 6.  The summons did not require respondent to produce records or documents.  Rather, it simply required Respondent to appear and provide testimony before Immigration and Customs Enforcement (ICE) Special Agent James Wuneburger on September 23, 2020, at 1:00 p.m. at 301 East Ocean Boulevard, 7th Floor, in Long Beach California.  *Id*. ¶ 5.  Respondent failed to appear.  *Id*. ¶ 7.  Thereafter, on October 6, 2020, USCBP sent Respondent a letter to allowing a further opportunity to comply with the summons without the necessity for court intervention.  Specifically, USCBP offered Respondent October 13 or 14

3

to provide his testimony. Respondent refused to appear on either date. The Government is now seeking an order enforcing its summons.

## III. Argument

In determining whether to enforce a USCBP summons, district courts have looked to the factors set forth in United States v. Powell, 379 U.S. 48, 58 (1964). See e.g. United States v. Frowein, 727 F.2d 227 (2d Cir. 1983).

> In Powell, the Supreme Court set forth preconditions to the judicial enforcement of Internal Revenue Service ["IRS"] summonses. The Powell Court stated that the agency 'must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [agency's] possession, and that the administrative steps required by the Code have been followed.

Frowein, 727 F.2d 227, 230 (citing Powell).

Accordingly, to obtain enforcement of an administrative summons, the Government is required to make a *prima facie* case for enforcement. Crystal, 172 F.3d 1141, 1143-44 (9th Cir, 1999); Gilleran, 992 F.2d 232, 233 (9th Cir. 1993).

The language of section 1509 of Title 19 parallels, and in relevant part is coterminous with, the statute vesting summons authority with the U.S. Internal Revenue Service. *Compare* 19 U.S.C. § 1509(a) *with* 26 U.S.C. § 7602(a). Each statute authorizes agencies to take testimony under oath "for

4

the purpose of ascertaining the correctness any [entry/return]." Id.  Each statute authorizes the agency to summon the person, any officer, employee, or agent of such person, or "any other person [the Secretary or his representative] may deem proper" who possesses information relating to the inquiry.  26 U.S.C. § 7602(a)(2) and 19 U.S.C. § 1509(a)(2).  Because IRS and USCBP statutes authorizing summonses are similar, the case law relating to the enforcement of IRS summonses are instructive in this instance.

As with the enforcement of an IRS summons, the Government's "burden is minimal."  Crystal, 172 F.3d at 1144 (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985))("the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.")  Further, as with proceedings to enforce an IRS summons, once the Government has made its *prima facie* case, the summoned party bears the "heavy" burden to disprove the Government's showing.  Crystal, 172 F.3d at 1144.

Generally, when seeking enforcement of an administrative summons, the Government makes the "good faith" showing of materiality and relevancy required by Powell in the petition to enforce the summons and the accompanying declaration of the issuing agent.  See Crystal, 172 F.3d at

5

1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

In United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984), the Supreme Court described what satisfies the relevancy criterion for a summons:

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the §7602 summons is critical to the investigation and enforcement functions of the IRS, see United States v. Powell, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

Arthur Young & Co., 465 U.S. at 814. Because section 1509 contains the same "may be" language as section 7602, common sense suggests that section 1509's breadth also should be construed broadly.

"Once the Government has established its *prima facie* case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the

6

summons should not be required." United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons to refute the Government's showing. Id. at 1346; see also Crystal, 172 F.3d at 1144. Individuals "may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." Gilleran, 992 F.2d at 233; see also Crystal, 172 F.2d at 1144. They carry, however, a heavy burden of convincing the district court to deny enforcement." United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981); accord Crystal, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992)(quoting United States v. Stuart, 489 U.S. 353, 369, (1989) quoting S. Rep. No. 97 494, 97th Cong. 2d Sess., vol. 1, 285 (1982)); see also, United States v. Church of Scientology, 520 F.2d 818, 821 (9th Cir. 1975)("'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose."); Crystal, 172 F.3d at 1144 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)); Liberty Fin. Servs., 778 F.2d at 1392.

In <u>Donaldson v. United States,</u> 400 U.S. 517, 528-29 (1971), the Supreme Court noted that Rule 81(a)(3) of the of the Federal Rules of Civil Procedure allows the Court to limit the application of the Federal rules in summons enforcement proceedings.  In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the agency should be allowed to obtain the summoned testimony, books, papers, records, and other data. <u>See, e.g</u>,. <u>Liberty Financial Services</u>, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." <u>Derr</u>, 968 F.2d at 945; accord Crystal, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS

summonses." Jose, 131 F.3d at 1328-29.  Likewise, the defenses available to one opposing the enforcement of an USCBP summons are limited.

Here, all requirements for enforcement of the USCBP summons have been met.  As attested to by Ms. Amato, USCBP is conducting an inquiry into companies owned and/or operated by Ben Ghee Tan for the purpose of ascertaining the correctness of entries, determining liability for duties, taxes, fines, and penalties, and ensuring compliance with the laws or regulations enforced by USCBP.  In additionthe information sought by the summons may be relevant to that purpose.  Further, USCBP does not already have possession of the information sought; and the administrative steps required by section 1509 for issuance and service of the summons were followed.

Indeed, Respondent was personally served five days in advance, and the week before, the date of his scheduled testimony.  Although notice the week before may not, under some circumstances, be sufficiently reasonable notice for a witness to produce records, Respondent was not asked to produce a single record or document.  He was only required to travel approximately 26 miles to provide testimony, and thus bore none of the burdens of individuals who are required to collect and produce records.  After failing to appear, Respondent was even offered an opportunity to choose among two

alternative later dates to provide testimony. Compliance with the USCBP summons was not onerous.

## IV. CONCLUSION

Accordingly, the government has established its *prima facie* case for enforcement of the USCBP summons. The Court should now issue an order directing Respondent to show cause why the USCBP summons should not be enforced.

If Respondent fails to respond to or rebut the government's *prima facie* case for enforcement, then the Court should issue an order enforcing the USCBP summons and compelling Respondent to appear before an authorized representative of the USCBP at a time and place to be determined by the USCBP, and give testimony as required by the USCBP summons.

Dated: November 10, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director Civil Division
Commercial Litigation Branch

*Jason M. Kenner*
JASON M. KENNER
Senior Trial Counsel

Attorneys for United States